UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKENMUTH INSURANCE CO.,

    Plaintiffs,

v.

MICHIGAN TRACTOR &
MACHINERY CO. and
CATERPILLAR INC.,

    Defendants.
_____/

Case No. 17-13183

HON. DENISE PAGE HOOD

**ORDER DENYING MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT [Dkt. No. 13] and
GRANTING MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF
MAY BE GRANTED [Dkt. No. 14]**

**I.    INTRODUCTION AND BACKGROUND**

Presently before the Court is an insurance subrogation case arising out of an electrical power disruption at the Burton Manor facility at 2777 Schoolcraft Road, Livonia, Michigan on September 5, 2014. Plaintiff's subrogor's banquet facility lost electrical power due to storms. Defendant Michigan Tractor and Machinery Company ("Michigan CAT") supplied a generator to the facility, a generator that had been manufactured by proposed Defendant Caterpillar, Inc. The generator supplied excessive voltage to the building and caused extensive damage to electrical

components to equipment within the building. Plaintiff insured Premier Catering, Inc. ("Premier Catering"), the owner and operator of Burton Manor, and indemnified Premier Catering for its damages, thereby becoming subrogated to Premier Catering's rights to the extent of payments made by Plaintiff to Premier Catering.

On September 1, 2017, Plaintiff sued Michigan CAT in Wayne County Circuit Court to recover the insurance proceeds paid to Premier Catering. Michigan CAT removed the case to this Court on September 28, 2017. On November 28, 2017, Michigan CAT filed a Notice of Non-Party at Fault, identifying Caterpillar. Pursuant to a stipulation by Plaintiff and Michigan CAT, on February 22, 2018, Plaintiff filed an Amended Complaint adding Caterpillar to the action.

The Amended Complaint specifically alleges in Count I that Caterpillar had a duty to use due care in manufacturing the generator so that the generator supplied appropriate voltage to Premier Catering's building which would not damage the building and was negligent in failing to do so. The Amended Complaint alleges in Count II that Caterpillar warranted that the generator was fit for the purpose of supplying 120/208 voltage. The Amended Complaint further alleges in Count II that Caterpillar was liable for placing a defective product into the stream of commerce in Michigan. Plaintiff asserts that Caterpillar breached its duties and warranties and that the breach of duties and warranties by Caterpillar caused damage to Plaintiff in an

amount in excess of Twenty Five Thousand Dollars ($25,000). The Amended Complaint continued to seek relief for such breaches only against Michigan CAT, as Plaintiff failed to add Caterpillar in Plaintiff's prayers for relief.

Plaintiff filed a Motion for Leave to File Second Amended Complaint ("Motion for Leave"), seeking to add Caterpillar to the provisions seeking relief in Counts I and II. Caterpillar has filed a response to the Motion for Leave. Five minutes after the Motion for Leave was filed, Caterpillar filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted ("Motion to Dismiss"). The Motion to Dismiss has been fully briefed. For the reasons that follow, the Motion for Leave is DENIED and the Motion to Dismiss is GRANTED.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the

defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Rule 15(a)

In a case where a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the Court. FED. R. CIV. P. 15(a)(2). Defendants do not concur in Plaintiff's motion, so it is within the Court's discretion whether to grant Plaintiff's motion for leave to file an amended complaint. Pursuant to Rule 15(a)(2), "leave shall be freely given when justice so requires." The factors a court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

(1) the delay in filing the motion,
(2) the lack of notice to the other party,
(3) bad faith by the moving party,
(4) repeated failure to cure deficiencies by previous amendments,
(5) undue prejudice to the opposing party, and
(6) futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). A district court

may deny a plaintiff leave to amend his complaint when the proposed amendment would be futile. *See, e.g., Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). An amendment is deemed futile when it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

### III.  ANALYSIS

Plaintiff's Motion for Leave asks the Court to allow Plaintiff to file a Second Amended Complaint. The Amended Complaint added Caterpillar as a party, and Plaintiff alleged that Caterpillar, in addition to Michigan CAT, should be liable for negligence and breach of warranty/products liability (Counts I and II, respectively). In the Amended Complaint, however, Plaintiff failed to amend the requests for relief sections in Counts I and II, so the Amended Complaint continued to request relief against only Michigan CAT. Plaintiff's proposed Second Amended Complaint would include Caterpillar as a party against which Plaintiff is requesting relief in Counts I and II. Plaintiff states that the omission of Caterpillar from the relief requested sections in Counts I and II was unintentional and non-prejudicial.

Caterpillar contends that the Amended Complaint should be dismissed and the Motion for Leave should be denied. Caterpillar argues that the Amended Complaint failed to state a claim upon which relief could be granted and that the proposed

Second Amended Complaint would be futile because it is time barred unless it can relate back to a viable complaint against Caterpillar, a condition Caterpillar asserts Plaintiff cannot satisfy due to the inadequacy of the Amended Complaint. Caterpillar's contentions are based on the statute of limitations pertaining to Plaintiff's claims against Caterpillar.

Caterpillar argues, and Plaintiff does not challenge, that the claims against Caterpillar set forth in the February 22, 2018 Amended Complaint constituted the first claims made by Plaintiff against Caterpillar. It is undisputed that the statute of limitations on those claims was three years from the date of loss, which was September 5, 2014. It also is undisputed that Plaintiff did not add Caterpillar as a party until February 22, 2018, which was more than five months after the statute of limitations period expired on September 5, 2017. Absent a viable tolling argument, Caterpillar argues that Plaintiff's claims were untimely.

Plaintiff contends that the tolling provision in Section 600.2957 afforded Plaintiff the right to file the claims against Caterpillar within 91 days of November 28, 2017, and that February 22, 2018 was within that 91-day time frame. Caterpillar acknowledges that Plaintiff had the right to – and did timely – file the Amended

Complaint against Caterpillar pursuant to Section 600.2957[1] after Michigan CAT filed the Notice of Non-party Fault. Caterpillar states that Plaintiff did not satisfy Section 600.2957 when it filed the Amended Complaint on February 22, 2018. Caterpillar asserts that Plaintiff did not adequately amend the Complaint on February 22, 2018 (within the time period permitted by Section 600.2957(2)) to "alleg[e] 1 or more causes of action against that nonparty [Caterpillar]" because Plaintiff did not satisfy the basic pleading requirements of Rule 8(a)(3) which, among other things, must contain a demand for relief against Caterpillar. *See* Fed. R. Civ. P. 8(a)(3) ("(a) Claim for Relief. A pleading that states a claim for relief must contain: . . . (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.").

Based on Plaintiff's failure to make a demand for relief against Caterpillar in the Amended Complaint, Caterpillar believes that the claims in the Amended

---

[1]M.C.L. § 600.2957(2) provides that a new party may be added, even after the statute of limitations has expired, under certain conditions:

> Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.

Complaint were deficient as a matter of law, such that the tolling provision in Section 600.2957 is inapplicable. More specifically, Defendant contends that, because the Amended Complaint itself was deficient, there was no timely, effective pleading against Caterpillar to which Plaintiff's claims against Caterpillar in the Second Amended Complaint can relate back. Defendant argues that Plaintiff's efforts to relate the Second Amended Complaint back to when the Amended Complaint was filed are futile, such that the Motion for Leave should be denied and the Motion to Dismiss granted.

The Court denies the Motion for Leave and grants the Motion to Dismiss because of the futility of the Second Amended Complaint. As Caterpillar argues, Plaintiff failed to timely state any claims against Caterpillar upon which relief can be granted because Plaintiff failed to make any demands for relief against Caterpillar, as required by Rule 8(a)(3), within the 91 day period permitted by Section 600.2957(2).

Plaintiff's arguments that the Motion for Leave should be granted based on a Rule 15(a) analysis are rejected. Although Plaintiff did not the delay in filing the Motion for Leave once it was aware of the absence of the demand for relief in the Amended Complaint and there is no indication of bad faith by Plaintiff or lack of notice to Caterpillar, the statute of limitations had expired more than 6 months prior to Plaintiff filing a well-pleaded complaint against Caterpillar. Plaintiff had the

opportunity to file a well-pleaded complaint after the statute of limitations had expired pursuant to Section 600.2957(2) but failed to adequately plead a cause of action against Caterpillar when it filed the Amended Complaint. And, as discussed above, the Motion for Leave would be futile because it would not relate back to a timely filed, adequately pled claim against Caterpillar.

## IV. CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint [#13] is DENIED.

IT IS FURTHER ORDERED that Defendant Caterpillar, Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted [#14] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims against Caterpillar are **DISMISSED WITH PREJUDICE**.

IT IS ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
Dated: March 27, 2019     UNITED STATES DISTRICT JUDGE

9